

# STATE OF MINNESOTA

**OFFICE OF THE ATTORNEY GENERAL**

July 17, 2015

SUITE 1100
445 MINNESOTA STREET
ST. PAUL, MN 55101-2128
TELEPHONE: (651) 282-5700

Michael Gans
United States Court of Appeals
  for the Eighth Circuit
Thomas F. Eagleton Courthouse
Room 24.329
111 South 10th Street
St. Louis, MO  63102

Re:   *North Dakota, et al. v. Beverly Heydinger, et al.,* **No. 14-2156 and 14-2251**

Dear Mr. Gans:

Pursuant to Federal Appellate Rule 28(j), Appellants advise the Court of the decision of the United States Court of Appeals for the Tenth Circuit in *Energy and Environment Legal Institute v. Epel, et al.,* -- F.3d --, No. 14-1216, 2015 WL 4174876 (10th Cir. July 13, 2015).  The Court in *Energy and Environment Legal Institute* held that the extraterritoriality element of the dormant Commerce Clause did not apply to a Colorado statute that restricted the sale of fossil fuels by in- and out-of-state generators for use in Colorado.

The decision provides further support that Minnesota Statutes § 216H.03, subds. 3(2) and 3(3) does not violate the extraterritoriality doctrine by restricting the contracting of certain generation resources to serve Minnesota.  *See* Appellants' Br. at 43-47; Appellants' Rep. & Resp. Br. at 24-32.  In describing the narrowness of the "most dormant" part of dormant commerce clause jurisprudence, the Tenth Circuit relied on *Pharma Research & Mfrs of Am. v. Walsh*, 538 U.S. 644 (2003), in holding that a law could be struck down based on extraterritoriality only when it has three essential characteristics:

(1) a price control or price affirmation regulation;
(2) linking in-state prices to those charged elsewhere; with
(3) the effect of raising costs for out of state consumers or rival businesses.

*Energy and Environment Legal Institute*, 2015 WL 4174876 at *4; *see also Assoc. des Eleveurs de Canards et d'Ois du Quebec v. Harris*, 729 F.3d 937, 951 (9th Cir. 2013).  Because the Colorado statute did not "blatantly regulat[e] price and discriminat[e] against out-of-state consumers or producers," the extraterritorial *per se* rule did not apply.  *Id.* at *4.

Appellate Case: 14-2156     Page: 1     Date Filed: 07/17/2015 Entry ID: 4296535

Michael Gans
July 17, 2015
Page 2

Just as Appellees' have done here, the plaintiff argued that the extraterritoriality principle required the court to "declare 'automatically' unconstitutional any state regulation with the practical effect of 'controlling conduct beyond the boundaries of the State.'" *Id.* at *5. The Tenth Circuit rejected that "audacious invitation" and declined to engage in such a "novel lawmaking project," which would severely limit legitimate state regulatory authority in a manner not supported by the Supreme Court's limited extraterritoriality jurisprudence. *Id.* at *4.

Sincerely,

s/ Alethea M. Huyser
ALETHEA M. HUYSER
Manager, Civil Litigation Division
Assistant Solicitor General

MICHAEL EVERSON
Assistant Attorney General

Telephone: (651) 757-1243
Fax: (651) 282-5832

Enclosure

# CERTIFICATE OF SERVICE

  I hereby certify that on July 17, 2015, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

          s/ Alethea M. Huyser
          ALETHEA M. HUYSER
          Assistant Attorney General

          MICHAEL EVERSON
          Assistant Attorney General

          Telephone: (651) 757-1243
          Fax: (651) 282-5832