July 22, 2015

Thomas H. Boyd
Direct Dial: (612) 604-6505
Direct Fax: (612) 604-6805
tboyd@winthrop.com

VIA CM/ECF
Michael E. Gans, Esq.
United States Court of Appeals for the Eighth Circuit
U.S. Courthouse, Rm. 24.329
111 South Tenth Street
St. Louis, MO 63102

Re:  State of North Dakota, et al. v. Beverly Heydinger, et al.
      Case Nos.: 14-2156 and 14-2251

Dear Mr. Gans:

I write on behalf of Appellees to respond to Appellants' recent Rule 28(j) submission of the Tenth Circuit's opinion in *Energy and Environment Legal Institute v. Epel,* No. 14-1216 (filed July 13, 2015). Appellants' reliance on this opinion is misplaced for several reasons.

First, the statute in *Epel* is materially different from the statute at issue here. *Epel* involves a renewable portfolio statute requiring Colorado utilities to increase resource portfolio diversification by using more renewable energy sources. The Colorado statute does not prohibit power generated from other sources or any particular transactions. In contrast, the Minnesota statute provides that "no person shall . . . import or commit to import from outside the state power from a new large energy facility" or to "enter into a new long-term power purchase agreement. . . ." Minn. Stat. § 216H.03, subds. 3(2)-(3).

Second, in *Epel*, the parties challenging the Colorado statute developed no record of the Colorado statute adversely affecting the regional power market. In contrast, Appellees submitted substantial, unrebutted evidence from market participants and experts establishing the adverse effects Minnesota's statute has on member-owned cooperatives located in other states servicing multi-state memberships. Appellees' Br. pp. 14-20; Appellees' Reply pp. 3-6.

Third, in *Epel*, the dormant commerce clause analysis was limited and incomplete due to the circumstances in that case. The court expressly noted its analysis of the dormant commerce clause was limited to the extraterritoriality doctrine and did not address the other two "branches" of the dormant commerce clause. *Epel*, No. 14-1216, p. 6. Further, the Court's analysis failed to address several U.S. Supreme Court decisions and circuit court decisions plainly demonstrating

Michael E. Gans, Esq.
July 22, 2015
Page 2

the extraterritoriality doctrine applies beyond price control statutes. *See* Appellees' Br. pp. 39-40 (collecting authority).

Finally, Appellants conspicuously ignore the *Epel* court's holding that standing for the dormant commerce clause challenge plainly existed based on allegations that the Colorado statute reduced demand for coal and coal-powered generation in Colorado. *Epel*, at p. 13 n.1. Appellees have done far more to establish standing in this case. Appellees' Br. pp. 14-20 & 27-32.

Very truly yours,

WINTHROP & WEINSTINE, P.A.

s/Thomas H. Boyd

Thomas H. Boyd

THB:ehm
10646250v2

cc: All Counsel of Record via CM/ECF