December 28, 2015
Thomas H. Boyd
Direct Dial: (612) 604-6505
Direct Fax: (612) 604-6805
tboyd@winthrop.com

VIA CM/ECF
Michael E. Gans, Esq.
United States Court of Appeals for the Eighth Circuit
U.S. Courthouse, Rm. 24.329
111 South Tenth Street
St. Louis, MO 63102

Re:   State of North Dakota, et al. v. Beverly Heydinger, et al.
      Case Nos.:  14-2156 and 14-2251

Dear Mr. Gans:

I write on behalf of Appellees to respond to Appellants' Rule 28(j) submission advising the Court of "developments" related to the Tenth Circuit's decision in *Energy and Environment Legal Institute v. Epel,* 793 F.3d 1169 (10th Cir. 2015).  Appellants renew their citation to *Epel* to support their argument for an unduly narrow application of the extraterritoriality doctrine.  However, *Epel* is unpersuasive for several reasons.

Among other things, *Epel* failed to address the Supreme Court's decision in *Edgar v. MITE Corp.*, 457 U.S. 624 (1982), where the Supreme Court struck down a state securities regulation thereby demonstrating that the extraterritoriality doctrine applies more broadly than the Tenth Circuit's characterization in *Epel.  Id.* at 642-43; *see Healy v. Beer Institute, Inc.*, 491 U.S. 324, 333 n.9 (1989)(holding that *Edgar* "significantly illuminates the contours of the constitutional prohibition on extraterritorial legislation.").

The Supreme Court's denial of certiorari does not imply approval of the holding in *Epel*. *Maryland v. Baltimore Radio Show*, 338 U.S. 912, 919 (1950)(Frankfurter, J.). "The denial of a writ of certiorari imports no expression of opinion upon the merits of the case, as the bar has been told many times."  *Missouri v. Jenkins*, 515 U.S. 70, 85 (1995)(quoting *United States v. Carver*, 260 U.S. 482, 490 (1923)(Holmes, J.)).  But to the extent there is any relevance to the denial of certiorari, Appellees would note the Supreme Court had also declined to review the Sixth Circuit's opinion in *American Beverage Association v. Snyder*, 735 F.3d 362 (6th Cir. 2013), which struck down a state bottling law in recognition that the extraterritoriality doctrine extends beyond just price affirmation statutes.  *Id.* at 373-376.

Finally, for the reasons summarized in Appellees' prior letter to the Court dated July 22, 2015, Appellees again point out that the facts and the statute at issue in *Epel* are materially and fundamentally distinguishable from the facts and the statute at issue in the instant case.

Very truly yours,

WINTHROP & WEINSTINE, P.A.

s/Thomas H. Boyd

Thomas H. Boyd

THB:ehm
11306663v3

cc:     All Counsel of Record via CM/ECF